# City of Mobile *v.* Mobile County.

## *Assumpsit.*

(Decided Nov. 24, 1910.   53 South. 793.)

1. *Water and Watercourses; Public Supply; Purchase; Franchise.*
Although the franchise of the private water company required it to
furnish water to the municipal buildings and hospitals, and to the
county courthouse and jail free of charge, the provisions of Local
Acts 1898-9, p. 19, under which the city purchased the water plant
of the company do not authorize the inference that the power con-
ferred therein was to be burdened with the duty of furnishing water
free to the public buildings of the county, and hence, the purchase
of the private company's property, did not burden the city with its
franchise, as the duty was not upon the property to furnish water,
but upon the franchise.

2. *Same; Charges; Gratuity.*—If the city furnished water to the
county as a mere volunteer, not expecting payment, payment cannot
be enforced as it will be looked upon as a gratuity.

3. *Same; Mistake of Law.*—If the city furnished the county water
free of charge under a mistaken impression that it was required by
law to do so, it cannot afterwards recover for the value of the water
so supplied.

4. *Same; Implied Promise.*—Where the city furnishes the county
water without anything to show that it does so gratuitously and
the county accepts the water, it impliedly promises to render an
equivalent therefor, and is liable for reasonable charges.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Action by the city of Mobile against the county of
Mobile to recover the price of water furnished the coun-
ty building.  Judgment for defendant and plaintiff ap-
peals.  Reversed and rendered.

B. B. BOONE, for appellant. The city had full author-
ity to purchase the plant under the provisions of Local
Acts 1898-9, p. 19, but in purchasing the property it did
not become burdened with the franchise.  As to the
proper construction of this statute see *Favors v. Glass,*
22 Ala. 621; *Wetumpka v. Winter,* 29 Ala. 600; *M. D.*

*D. Co. v. Mobile*, 146 Ala. 198; Lewis Sutherland on Statutory constructions, Secs. 388-9, 90. Counsel insists that there is no merit in the contention that it is unconstitutional for one branch of government to charge another branch of government for supplies furnished it, but cites no authority in support of his contention.

GREGORY L. & H. T. SMITH, and SULLIVAN & STALL-WORTH, for appellee. The provisions contained in the charter of the Bienville Water Supply Company constituted a contractual obligation assumed in consideration of the other terms of the charter.—7 A. & E. Enc. of Law, 600. When the city purchased this franchise it took with it its burden.—*M. & M. R. R. Co. v. Steiner*, 61 Ala. 559; Thompson on Corporations, Sec. 6240; Lewis' Eminent Domain, Sec. 297. The mere fact that the city furnished a thing of value did not render the county liable to pay therefor.—7 A. & E. Enc. of Law, 1079; 15 Id. 1080; 17 N. J. L. 385; 123 Mass. 28; 19 N. Y. Supp. 237. A county is a governmental agency and must act through its duly constituted officers, its county commissioners.—*A. G. S. v. Moore*, 109 Ala. 393; 11 Cyc. 468; 53 Pac. 205; 3 Okla. 281; 7 A. & E. Enc. of Law, 947.

SAYRE, J.—The city of Mobile sued the county of Mobile for the value of water furnished to the county courthouse and county jail. No question is raised concerning the power and duty of the county to procure a supply of water for its courthouse and jail. Nor is there any denial of the city's right to charge for water furnished in the ordinary case. The duty of the city to furnish water to the county without charge seems to be predicated upon facts which will be stated. Formerly the Bienville Water Supply Company operated a

[City of Mobile v. Mobile County.]

system of waterworks in the city of Mobile under a special legislative charter, which provided that "said corporation must, without charge, supply all needed water for the use of municipal buildings and hospitals of said port, and the jail and courthouse of the county." The company did so furnish water. By Act Nov. 30, 1898 (Loc. Acts 1898-99, p. 19), the city of Mobile was authorized to buy, or to build, erect, and maintain, a system of waterworks, and to furnish water at usual and customary rates. It is to be inferred that this act contemplated a purchase by the city of the Bienville Water Supply Company's plant; but there is no express reference to that company, nor any language which would authorize the inference that the power conferred was to be burdened with the duty of furnishing water to the public buildings of the county in perpetuity. Under this authority the city erected a system of its own, and subsequently purchased the system of the Bienville Company, connecting and operating thereafter the two as one. In this we discover no obligation upon the city to furnish water to the county without charge. By its conveyance from the Bienville Company the city acquired its property, but not its franchise. Its own franchise was amply sufficient for every purpose, whether it acquired the property of the Bienville Company or not. The requirement that the Bienville Company should furnish water without charge to the jail and courthouse of the county affected its franchise, but not its property.

We are led to suppose that this case was disposed of in the court below upon the point already noticed. But it is now further insisted by the appellee that no promise to pay can be implied. The agreed statment of facts upon which the trial was had gives no information as to the circumstances under which the water was furnish-

ed, except that it was supplied through pipes and which had been laid and used by the Bienville Company. The argument states that the officers of the county naturally supposed the water was being furnished by the city in discharge of the supposed obligation imposed upon the Bienville Company by its charter, and supposed to have been assumed by the city when it purchased that company's property, and the assumption seems to be that the officers of the city, when furnishing water, labored under a like misapprehension as to the right and duty of the parties. Appellee states its conclusion that the city was a mere volunteer, and cannot exact payment. It is to be admitted that plaintiff's action would not lie, if the city intended to furnish the water gratuitously. In that event there would have been no legal or moral obligation on the part of the county to pay. But there is no warrant in the facts for the inference that the city intended to furnish, or the county expected to receive, the water gratuitously. Rather, on the single fact presented as the basis of decision, the most that can be said is that it affords the clew for a guess, more or less shrewd, that the county continued to take water from the city's mains after the transfer of ownership without either party noting the legal effect in the particular case of the new status which had arisen; that the parties naturally rested upon a mistaken notion as to the consideration for which the water was being supplied, and erred in supposing that the charter of the Bienville Company imposed an obligation upon the city to furnish water as the Bienville Company had furnished it. If such was the case, the mistake was not a mistake of fact, but of law, against which no relief can be had. In such case, also, it may be admitted, that the legal effect would be the same as if the city had intended to furnish the water gratuitously.

[Malone-Beal Mer. Co. v. Greer.]

But we are to decide the case upon the facts presented, indulging, not surmise, but only such inference as the reason approves. No circumstance appears in the record sufficient to induce a satisfactory conclusion that either party misunderstood the situation in any of its aspects, or that can serve to distinguish this from the ordinary case in which one who has received value from another is held prima facie to an implied promise to render an equivalent. On the facts appearing, it seems to be reasonable and just that the county should be held to pay for the city's property and services thus used and enjoyed; the city not having been otherwise compensated.—*Montgomery v. Montgomery Waterworks*, 79 Ala. 233. A judgment will be here rendered for the plaintiff.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.